NO.
12-06-00148-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

ISRAEL BARRIENTOS,      §                      APPEAL FROM THE SECOND

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

MAXWELL LUMBER COMPANY,
INC.,

APPELLEE   §                      CHEROKEE
COUNTY, TEXAS

                                                                                                                                                 
          

MEMORANDUM OPINION

            Israel
Barrientos brought a negligence suit against his former employer, Maxwell
Lumber Company, Inc.  After a jury trial
resulted in a verdict in favor of Barrientos, the trial court granted Maxwell
Lumber’s motion for judgment non obstante veredicto on the grounds that there
was no evidence of negligence or causation to support a judgment in Barrientos’s
favor.  In two issues, Barrientos
complains that the trial court erred in awarding Maxwell Lumber judgment non
obstante veredicto.  Maxwell Lumber
raises two cross issues.  We affirm.

 

Background

            Barrientos
was a laborer for Maxwell Lumber, a nonsubscriber to Texas workers’
compensation insurance.  Barrientos did
various jobs for Maxwell Lumber including gathering lumber cut by the Cornell
saw, a saw that Maxwell Lumber had used for many years.  Generally, the operator of the Cornell saw
was Agipotka Cordova, a long time employee of Maxwell Lumber.








            On December
17, 1999, while gathering lumber cut by the Cornell saw, Barrientos suffered  injuries to two fingers on his right
hand.  Neither Barrientos nor Cordova saw
how the injuries occurred, but Barrientos felt what he believed to be wood
pushing on both sides of his fingers. 
Due to the injuries, Barrientos lost his right index finger and had
continuing problems with his right middle finger.

            Barrientos
brought a negligence action against Maxwell Lumber.  Barrientos claimed that Maxwell Lumber failed
to create, implement, and enforce safety policies, allowed Cordova to operate
the Cornell saw when Cordova could not perform his duties safely, failed to
properly maintain the Cornell saw and keep maintenance records on it, and
failed to properly train Barrientos.

            The jury
found that Maxwell Lumber’s negligence proximately caused Barrientos’s injuries
and awarded him $75,000.00 in damages. 
Maxwell Lumber filed a motion for judgment non obstante veredicto
arguing that there was no evidence of negligence or causation.  The trial court granted the motion and this
appeal followed.

 

Judgment Non
Obstante Veredicto

            Barrientos
claims that the trial court erroneously granted Maxwell Lumber’s motion for
judgment non obstante veredicto because Barrientos presented evidence that
Maxwell Lumber was negligent and that such negligence caused Barrientos’s injuries.

Standard of Review

            We affirm a
trial court’s decision to disregard a jury’s findings only when there is no
evidence to support those findings.  Navarette
v. Temple Indep. Sch. Dist., 706 S.W.2d 308, 309 (Tex. 1986).  We consider whether the evidence at trial
would enable reasonable and fair minded people to reach the verdict under
review.  City of Keller v. Wilson,
168 S.W.3d 802, 827 (Tex. 2005).  In our
review, we view the evidence in the light most favorable to the jury’s
findings, crediting favorable evidence if reasonable jurors could.  Id. at 807.  In situations where there is a complete
absence of evidence of a vital fact, we do not disregard contrary
evidence.  Id. at 810-11.
More than a scintilla of evidence as to a vital fact requires evidence that
furnishes reasonable minds some reasonable basis for differing
conclusions.  Lee Lewis Constr.,
Inc. v. Harrison, 70 S.W.3d 778, 782-83 (Tex. 2001).  

Applicable Law








            To establish
negligence, the plaintiff must produce evidence that the defendant owed plaintiff
a legal duty, that duty was breached, and the breach proximately caused the
plaintiff’s damages.  Lee Lewis
Constr., Inc., 70 S.W.3d at 782. 
Proximate cause requires cause in fact and foreseeability.  Excel Corp. v. Apodaca, 81
S.W.3d 817, 820 (Tex. 2002).  Cause in
fact requires the act or omission to be a substantial factor in causing the
injury “without which the harm would not have occurred.”  Doe v. Boys Clubs of Greater Dallas,
Inc., 907 S.W.2d 472, 477 (Tex. 1995). 
To be a substantial factor, the act or omission must have “such an
effect in producing the harm as to lead reasonable men to regard it as a cause,
using that word in the popular sense, in which there always lurks the idea of
responsibility,” instead of simply the “so-called ‘philosophic sense,’ which
includes every one of the great number of events without which any happening
would not have occurred.”  Union
Pump Co. v. Allbritton, 898 S.W.2d 773, 776 (Tex. 1995) (quoting Restatement (Second) of Torts  § 431 cmt. a (1965)).  Foreseeability requires that the negligent
actor anticipated, or should have anticipated, the danger his or her negligence
created.  El Chico Corp. v. Poole,
732 S.W.2d 306, 313 (Tex. 1987).  The
exact injury need not be foreseen, but instead foreseeability is satisfied when
the injury is of a general character that could reasonably be anticipated.  Lee Lewis Constr., Inc., 70
S.W.3d at 785.

            Causation
may be based on either direct or circumstantial evidence.  Havner v. E-Z Mart Stores, Inc.,
825 S.W.2d 456, 459 (Tex. 1992).  But
causation cannot be supported by “mere conjecture, guess, or speculation.”  Boys Clubs of Greater Dallas, Inc.,
907 S.W.2d at 477.

Discussion

            First,
Barrientos claims that Maxwell Lumber failed to provide, implement, and enforce
safety rules and regulations.  Barrientos
presented evidence that employees did not wear safety glasses, safety gloves,
or ear plugs while working around the Cornell saw.  He also presented evidence from Pat O’Connell,
an employee of Maxwell Lumber, that the laborers could move further away from
the Cornell saw when cutting certain lengths of wood.  However, there is no evidence that safety
glasses, safety gloves, or ear plugs would have prevented Barrientos’s
injuries.  Also, there is no evidence
that 1) the wood being cut on the day of the accident was a length that would
allow Barrientos to be further from the Cornell saw and that 2) being further
from the Cornell saw, but still close enough to properly perform his job, would
have prevented Barrientos’s injuries. 
Thus, Barrientos’s evidence on the issue of Maxwell Lumber’s failure to
provide, implement, and enforce safety rules and regulations does not support
the jury’s determination that Maxwell Lumber’s actions caused his
injuries.  See id.

            Second, Barrientos
claims that Cordova should not have been allowed to operate the Cornell
saw.  Barrientos presented evidence that
Cordova had experienced hearing loss. 
However, no evidence was presented that Cordova was unable to properly
operate the Cornell saw.  Barrientos
presented no evidence that his injuries were caused by any conduct of Cordova,
and the fact that Cordova operated the Cornell saw does not support the jury
findings.  See id.

            Third,
Barrientos claims that Maxwell Lumber failed to maintain the Cornell saw and to
keep proper maintenance records. 
However, the evidence presented indicated that Maxwell Lumber  maintained the Cornell saw.  Cordova provided daily maintenance on the
saw.  Additionally, the lack of
maintenance records is no evidence of negligence.  Most important, Barrientos provided no
evidence of the type of maintenance that should have been performed and the
effect, if any, that such maintenance would have had upon the Cornell saw.  Based on this record, Barrientos failed to
present evidence that additional maintenance of the Cornell saw would have
prevented his injuries or that improper maintenance could support the jury’s
findings.  See id.

            Fourth and
finally, Barrientos claims that Maxwell Lumber failed to properly train
him.  Barrientos presented evidence that
he was told by Maxwell Lumber to watch the other laborers and do what they
do.  Further, the Cornell saw contained
warnings.  Barrientos admitted that he
read those warnings and that he did not put his hand in those areas of the
machine that were warned as being dangerous. 
He further presented evidence that he had been trained by the other
laborers to jump away from the machine if he heard a popping sound.  Barrientos presented no evidence that his
injuries were caused by any inadequate training that he received from Maxwell
Lumber.  Thus, Barrientos’s evidence on
the issue of training does not support the jury’s determination that Maxwell
Lumber’s actions caused Barrientos’s injuries. 
See id.

            Similar to
the situation in Apodaca, Barrientos’s evidence suffers from an
essential defect.  Apodaca,
81 S.W.3d at 822.  While it may show that
Maxwell Lumber should have employed other practices and that Barrientos’s
injuries were work related, none of the evidence shows that had Maxwell Lumber
employed those other practices, Barrientos would not have been injured.  Instead, Barrientos simply relies upon
conjecture, guess, and speculation to connect Maxwell Lumber’s conduct to his
injuries.  That is not enough.  See Boys Clubs of Greater Dallas, Inc.,
907 S.W.2d at 477.  Barrientos failed to
present evidence that Maxwell Lumber’s negligence caused his injuries.  Therefore, there is no evidence to support
the jury’s findings on causation, and the trial court did not err in granting
Maxwell Lumber’s motion for judgment non obstante veredicto.  See Navarette, 706 S.W.2d at
309.  We overrule Barrientos’s second
issue.

 

Disposition

            Having found
no evidence of causation, we need not reach Barrientos’s remaining issue or
Maxwell Lumber’s cross issues.  We affirm
the trial court’s judgment.

 

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

 

Opinion delivered January 31,
2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)